IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROGEL SUERO,<br><br>       Petitioner,<br><br>  v.<br><br>KAUFFMAN, et al.,<br><br>       Respondents. | CIVIL ACTION<br>NO. 19-1653 |

<u>OPINION</u>

**Slomsky, J.**                                 **April 1, 2022**

**I.  INTRODUCTION**

Before the Court is a <u>pro se</u> Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by Rogel Suero ("Petitioner"), a prisoner incarcerated at the State Correctional Institution in Huntingdon, Pennsylvania. (Doc. No. 10.) On June 30, 2021, United States Magistrate Judge Henry Perkin issued a Report and Recommendation ("R&R"), recommending that the Petition be denied and that a certificate of appealability not be issued. (Doc. No. 32.) Petitioner has filed Objections to the R&R. (Doc. No. 39.) For reasons stated below, the Court will approve and adopt the R&R (Doc. No. 32) and deny the Petition (Doc. No. 10).[1]

**II.  BACKGROUND**

On October 7, 2013, at the conclusion of his trial in the Northampton County Court of Common Pleas, a jury found Petitioner guilty of second-degree murder, robbery, aggravated assault, burglary, criminal trespass, theft by unlawful taking, terroristic threats, recklessly

---

[1] For purposes of this Opinion, the Court has considered the Revised Petition for Writ of Habeas Corpus (Doc. No. 10), the Response to the Petition for Writ of Habeas Corpus (Doc. No. 16), the Report and Recommendation (Doc. No. 32), the Objections to the Report and Recommendation (Doc. No. 39), and the relevant state court record.

endangering another person, possessing an instrument of crime, and two counts of conspiracy.[2] See Dkt. No. CP-48-CR-0001552-2013. The facts underlying these charges previously have been summarized as follows:

> On January 15, 2012, Suero, his co-defendant Rebecca Johnson, and two other individuals[3] conspired to rob Johnson's grandmother, Carrie Smith. Ms. Smith suffered from preexisting medical conditions of the heart and lungs, including coronary artery disease, atrial fibrillation, and interstitial lung disease. Notes of Testimony ("N.T."), 10/2/2013, at 107. In the early morning hours of January 15, 2012, Suero and an unknown individual entered Ms. Smith's residence. Ms. Smith called 911 and told the police officers who responded that she was awoken by two males entering her bedroom. N.T., 10-1-2013, at 11. Ms. Smith stated that one man wore a dark, hooded sweatshirt and that the other had blue surgical gloves on his hands. Id. at 12. The man wearing the sweatshirt told her to remain quiet, and he placed a pillow over her face. When he removed the pillow, he told Ms. Smith that she would not be harmed if she cooperated.
> 
> Ms. Smith reported that the man in the sweatshirt demanded to know the location of her safe, and that the other man searched through her dressers while she led the first man to her safe. Id. at 13. When she struggled to remember the safe's combination, the man threatened her, and Ms. Smith felt a cold, hard object against the back of her head, which she believed to be a firearm. Id. at 14. After she opened the safe, Ms. Smith remembered seeing the individual wearing the blue surgical gloves reaching into the safe and removing her belongings. The men took approximately $35,000.00 cash from the safe. After removing the contents of the safe, the men took Ms. Smith back to her bedroom, then fled from the residence.
> 
> Ms. Smith suffered a heart attack during or shortly after the robbery, and she was hospitalized several times over the subsequent weeks. On March 16, 2012, Ms. Smith died of exacerbation of congestive heart failure as a result of the heart attack suffered on January 15, 2012. N.T., 10/2/2013, at 131.

---

[2] The charges were brought against Plaintiff pursuant to the following Pennsylvania statutes: 18 Pa. C.S.A. § 2502(b); Id. at § 3701(a)(1)(ii); Id. at § 2702(a)(1); Id. at § 3502(a); Id. at § 3503(a)(1)(ii); Id. at § 3921(a); Id. at § 2706(a)(1); Id. at § 2705; Id. at § 907(a); Id. at § 903.

[3] One of these individuals was a then-juvenile who entered a guilty plea to related charges prior to Petitioner's trial. [Post-Conviction Relief Act ("PCRA")] Opinion at 1. The identity of the other participant was unknown to authorities at the time of the Petitioner's trial. This individual, Quadir Taylor, was ultimately charged and convicted of second-degree murder and other charges related to a robbery after a separate jury trial in Northampton County in January 2017. See Dkt. No. CP-48-000587-2016. In its Opinion in Petitioner's case, the PCRA court took judicial notice of Mr. Taylor's trial and conviction. PCRA Opinion at 5.

Commonwealth v. Suero, 1025 EDA 2014, 2015 WL 6168232, at *1 (Pa. Super. Feb. 23, 2015).

At trial, Petitioner's counsel focused on his innocence as a defense.  (Doc. No. 16 at 12.)  In doing so, trial counsel decided against calling an expert witness to refute the causation of the victim's death.  (Id. at 10–11.)  Trial counsel also decided not to call Mr. Emmanuel Sylvestre, an alibi witness, because he was not aware of Mr. Sylvestre before the deadline had passed.  (Doc. No. 32 at 16.)  Finally, during closing arguments, the prosecutor made some statements that trial counsel objected to before moving for a mistrial.  (Doc. No. 32 at 18–21.)  Trial counsel withdrew the motion for mistrial after agreeing to curative jury instructions.  (Id. at 21–22.)

As noted previously, at the conclusion of the trial, the jury found Petitioner guilty of second-degree murder, robbery, aggravated assault, burglary, criminal trespass, theft by unlawful taking, terroristic threats, recklessly endangering another person, possessing an instrument of crime, and two counts of conspiracy.  See Dkt. No. CP-48-CR-0001552-2013.  He was sentenced to life imprisonment without the possibility of parole.  Commonwealth v. Suero, No. CP-48-CR-0001552-2013, 2014 WL 7778463, at *1 (C.P. Northampton Mar. 24, 2014).  Petitioner then filed post-sentence motions, which the Court of Common Pleas denied on March 24, 2014.

In the R&R, Judge Perkin summarized the procedural history of the case after Petitioner's post-sentence motions were denied:

> Petitioner filed a notice of appeal to the Pennsylvania Superior Court, which affirmed the conviction on direct review. Commonwealth v. Suero, 1025 EDA 2014, 2015 WL 6168232, at *1 (Pa. Super. Feb. 23, 2015). On July 21, 2015, the Supreme Court of Pennsylvania denied petitioner's petition for discretionary review. Commonwealth v. Suero, 188 A.3d 1108 (Pa. 2015) (table). Petitioner sought review before the United States Supreme Court, which denied his petition for [writ of] certiorari on March 7, 2016. Suero v. Pennsylvania, 577 U.S. 1198 (2016).
>
> On March 25, 2016, petitioner filed a pro se petition for state collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541, et seq.  The court appointed counsel[;] however, Petitioner

>subsequently retained private counsel. Counsel filed an amended petition on January 30, 2017 and, on February 10, 2017, the PCRA court conducted an issue-framing conference. On May 8, 2017, the PCRA court held a two-day hearing on the issues raised in the amended petition. Following this hearing, and after consideration of the parties' briefs, the PCRA court dismissed the petition on July 24, 2017 after finding the claims raised by Petitioner meritless. Commonwealth v. Suero, CP-48-0001552-2013, at 3–15 (C.P. Northampton Jul. 24, 2017) (unpublished memorandum) (Roscioli, P.) (hereinafter "PCRA Opinion"). Petitioner appealed the dismissal to the Pennsylvania Superior Court, which affirmed the dismissal on August 22, 2018. Commonwealth v. Suero, 256[8] EDA 2017, 2018 WL 4001628, at *1 (Pa. Super. Aug. 22, 2018). On January 28, 2019, the Pennsylvania Supreme Court denied Petitioner's request for review. Commonwealth v. Suero, 201 A.3d 147 (Pa. 2019) (table).

(Doc. No. 32, at 2–3.)

On April 9, 2019, Petitioner filed his § 2254 habeas Petition with the United States District Court for the Middle District of Pennsylvania. (Doc. No. 1.) The matter was transferred to the Eastern District of Pennsylvania. (Doc. No. 5.) On April 22, 2019, the Court ordered Petitioner to file his Petition using the correct form. (Doc. No. 8.) On May 2, 2019, Petitioner filed his Revised Petition in accordance with the Court's Order.[4] (Doc. No. 10.) The Petition raises the following grounds for relief:

> 1. Trial counsel Lauer was ineffective for failing to investigate and retain experts to challenge causation at trial;
>
> 2. Trial counsel Lauer was ineffective for not calling Emmanuel Sylvestre as an alibi witness to testify for the defense;
>
> 3. Trial counsel (Lauer) ineffective as counsel for his action in withdrawing his request for a mistrial following prejudicial statements by the prosecutor;
>
> 4. Trial counsel was ineffective for failing to object to improper leading questions by the prosecutor; and

---

[4] Substantively, the original Petition (Doc. No. 1) and the Revised Petition (Doc. No. 10) are identical.

4

    5. Petitioner is entitled to relief because of the cumulative prejudicial effect of the errors in this case.

(Doc. No. 10 at 7–18.)

  In his R&R, the Magistrate Judge recommended that the Petition be denied. (Doc. No. 32.) On October 18, 2021, Petitioner filed Objections to the R&R.[5] (Doc. No. 39.) The Objections to the R&R raise the following grounds for relief:

    1. Trial counsel Lauer was ineffective for not calling Emmanuel Sylvestre as an alibi witness to testify for the defense;

    2. Trial counsel Lauer was ineffective for failing to investigate and retain experts to challenge causation at trial;

    3. Trial counsel (Lauer) was ineffective as counsel for his action in withdrawing his request for a mistrial following prejudicial statements by the prosecutor;

    4. Petitioner is entitled to relief because of the cumulative prejudicial effect of the errors in this case;

    5. The Magistrate Judge erred in failing to consider trial counsel's failure to raise at trial a discrepancy between Petitioner's skin tone and the skin tone described in the victim statement; and

    6. The Magistrate Judge failed to consider the cell phone records Trial Counsel Lauer based his strategic decision on were not his.

  For reasons discussed below, the Court will approve and adopt the R&R (Doc. No. 32) and will deny the Petition (Doc. No. 10).

---

[5] The Report and Recommendation was initially approved and adopted on August 2, 2021. (Doc. No. 33.) However, Petitioner filed a Petition for Extension of Time to object to the Report and Recommendation on the same day. (Doc. No. 34.) The Order approving the Report and Recommendation was vacated on August 3, 2021 and the Petition for Extension of Time was granted. (Doc. No. 35.)

### III.   STANDARD OF REVIEW

#### A. Magistrate Report and Recommendation

Under 28 U.S.C. § 636(b)(1)(B) and the local rules of this Court, a district judge is permitted to designate a magistrate judge to make proposed findings and recommendations on petitions for post-conviction relief. See § 636(b)(1)(B); E.D. PA. CIV. R. 72.1. Any party may file objections in response to the magistrate judge's report and recommendation. § 636(b)(1)(C). Whether or not an objection is made, a district judge "may accept, reject, or modify, in whole or in part, the findings of recommendations made by the magistrate judge with further instructions." Id. "[I]t must be assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." Henderson v. Carlson, 812 F.2d 784, 878 (3d Cir. 1987).

In the Eastern District of Pennsylvania, Local Rule 72.1.IV(b) governs a petitioner's objections to a magistrate judge's report and recommendation. E.D. PA. CIV. R. 72.1. Under that rule, a petitioner must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." Savior v. Superintendent of Huntingdon SCI, No. 11-5639, 2012 WL 4206566, at *1 (E.D. Pa. Sept. 20, 2012). Upon review, "[a district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b)(1)(C). De novo review is non-deferential and generally permits the district court to conduct an "independent review" of the entire matter. Salve Regina Coll. v. Russell, 499 U.S. 255, 238 (1991). "Although [the] review is de novo, [a district judge] [is] permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the judge], in the exercise of sound discretion, deem[s] proper." Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

## B. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a Petitioner must satisfy a two-prong test as set forth in Strickland v. Washington, 466 U.S. 668 (1984).  Under this test, Petitioner's counsel is presumed effective unless petitioner can show that: (1) counsel's "representation fell below an objective standard of reasonableness;" and (2) counsel's deficient performance prejudiced the petitioner.  Id. at 687–96.  When assessing counsel's reasonableness, the Supreme Court has recognized that "advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected in these circumstances if they are based on professional judgment."  Id. at 681.  Both prongs of the Strickland test must be met in order to show a "reasonable probability that, but for [his counsel's] unprofessional errors, the result of the proceeding would have been different."  Id. at 687–88, 694.  "Judicial scrutiny of counsel's performance must be highly deferential . . . [and a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.

Additionally, when a state court has already rejected an ineffective assistance of counsel claim, a federal court must defer to the previous decision, pursuant to 28 U.S.C. § 2254(d)(1).

> If a state court has already rejected an ineffective-assistance claim, a federal court may grant habeas relief if the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. §2254(d)(1).  Where the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable.

Yarborough v. Gentry, 540 U.S. 1, 4 (2003) (per curiam) (citations omitted).

## IV.     ANALYSIS

As noted, Petitioner makes six Objections to the Report and Recommendation ("R&R"). (Doc. No. 39.)  Each Objection asserts that Judge Perkin either erred in his analysis, or alternatively, failed to consider certain aspects of the state court record in the R&R.  First, Petitioner argues that his counsel was ineffective for failing to present an alibi defense. (Id. at 4.) Second, Petitioner asserts that defense counsel's failure to call an expert medical witness was ineffective assistance of counsel.  (Id. at 5.)   Third, Petitioner argues that his attorney was ineffective for failing to pursue a motion for a mistrial.  (Id. at 10–11.)  Fourth, Petitioner asserts that the cumulative errors of counsel resulted in serious prejudice.  (Id. at 8.)  Fifth, Petitioner argues that his attorney failed to make an argument that there were discrepancies in victim descriptions of the robber and the defendant.  (Id. at 3–5.)  Finally, Petitioner claims that counsel's strategic decision to exclude cell phone records do not protect him against an ineffective assistance of counsel claim because Petitioner alleges that the cell phone involved in those records was not his.  (Id. at 6.)  The Court will address each of these Objections in turn.

### A. Petitioner's Claim that Counsel was Ineffective for Failing to Call an Alibi Witness is Meritless

First, Petitioner Suero argues that the Magistrate Judge did not consider counsel's ineffectiveness for failing to present an alibi defense. (Doc. No. 39 at 4.)  In his Petition, Suero contends that his counsel was ineffective for failing to call an alibi witness, Mr. Emmanuel Sylvestre.  (Doc. No. 10 at 33.)  Suero alleges that Mr. Sylvestre would have testified that he was close friends with Petitioner and that he was with him on the night of the robbery.  (Doc. No. 10 at 14–15.)

Under the first prong of Strickland, counsel's decision must fall "below an objective standard of reasonableness."  466 U.S. at 669.  Additionally, in Commonwealth v. Fulton, the

8

Pennsylvania Supreme Court has provided additional guidance for determining whether counsel was ineffective for failing to call a particular witness. 830 A.2d 567, 572 (Pa. 2003). To demonstrate ineffective assistance of counsel for failing to call a witness, Petitioner must show:

> (1) that the witness existed; (2) that the witness was available; (3) that counsel was informed of the existence of the witness or should have known of the witness's existence; (4) that the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) that the absence of the testimony prejudiced appellant.

(Doc. No. 32 at 17) (quoting Moore v. DiGuglielmo, 489 F. App'x 618, 625 (3d Cir. 2012) (citing Commonwealth v. Fulton, 830 A.2d 567, 572 (Pa. 2003))).

Here, Petitioner fails to satisfy either the Strickland test or the Fulton test. A notice of alibi defense must be filed within 30 days after arraignment. PA. R. CRIM. P. 567, 579. When asked why he did not call the alibi witness, counsel testified that he did not recall speaking to Mr. Sylvestre prior the trial. (N.T. 5/8/17, 31:19–32:12.) In any event, counsel defended his decision to not file a late notice of alibi because it would have been detrimental to Petitioner. (N.T. 5/8/17; 47:21–48:8.)

Before trial, counsel had successfully moved to exclude cell phone records that showed Petitioner's phone was present in the neighborhood at the time of the robbery. (Id.) Trial counsel, however, explained that if he provided a notice of alibi, even an untimely one, the prosecution would have responded by seeking to admit the previously excluded cell phone records. (N.T. 5/8/17; 32;13;33:1.) These records were circumstantial evidence that he was in fact in the vicinity when the robbery occurred. Even if he was aware of Mr. Sylvestre, the decision to protect

Petitioner against the possible admission of this previously excluded, possibly damaging evidence was a strategic choice about how to best proceed based on his professional judgment.

After hearing testimony from Mr. Sylvestre, the PCRA court determined that "this tactical decision on the part of [counsel] to be eminently reasonable." PCRA Opinion at 11. The PCRA court reasoned:

> First, the late revelation of Mr. Sylvestre's proffered alibi testimony, when he had ample prior opportunity to make such revelation, tended to color the testimony with incredibility. We note that Mr. Sylvestre's testimony at the hearing was further lacking in credibility in that his recollection of [Petitioner's] whereabouts appeared largely based upon what he recalled that he and [Petitioner] did on a routine basis rather than a specific recollection of the night on which the robbery occurred. More significantly, [defense counsel's] concern regarding possible rebuttal evidence was valid, particularly given how closely it would place Defendant's phone to the scene of the robbery during the time it was being committed, which would only serve to damage the theory of the defense. Accordingly, we conclude that trial counsel's decision in this regard had a reasonable basis designed to protect [Petitioner's] interest, and [Petitioner's] petition on this point must therefore fail.

PCRA Opinion at 11–12.

Because defense counsel's decision was strategic, Petitioner fails to satisfy the first prong of Strickland, as the decision was not objectively unreasonable. Since counsel's decision was made in support of his client's defense and the cell phone records remained excluded, the strategic decision did not prejudice Petitioner. Strickland, 466 U.S. at 687–96. Additionally, based on the PCRA court's determination that Mr. Sylvestre's testimony was not credible, Petitioner was not prejudiced by the testimony's absence at trial. Therefore, Petitioner fails both prongs of the Strickland test.

Additionally, Petitioner fails to satisfy the Fulton test, which was cited by the Third Circuit in Moore. Specifically, Petitioner fails to demonstrate that counsel knew of Mr. Sylvestre prior to the deadline to submit alibi witnesses under the third prong of the Fulton test: "that counsel was informed of the existence of the witness or should have known of the witness's existence." (Doc.

10

No. 32 at 17.) As demonstrated above, Petitioner also fails to establish the fifth prong of Fulton: "that the absence of the testimony prejudiced appellant." Since Petitioner fails to satisfy the Strickland and Fulton tests for ineffective assistance of counsel, this Objection to the R&R will be overruled.[6]

### B. Petitioner's Claim that Counsel was Ineffective in Failing to Call an Expert Medical Witness is Meritless

Petitioner's second claim is that the Magistrate Judge erred in denying the ineffective assistance of counsel claim based on trial counsel's decision not to call an expert medical witness. (Id. at 5.) Petitioner must satisfy the same two-prong test established in Strickland v. Washington to demonstrate ineffective assistance of counsel. Here, Petitioner contends that counsel failed to investigate the robbery victim's medical records and failed to obtain medical experts to refute causation at trial. (Doc. No. 39 at 5.) His contention rests on the fact that he was found guilty of second-degree murder because Ms. Smith died of exacerbation of congestive heart failure as a result of the heart attack she suffered on January 15, 2012 during or shortly after the robbery. N.T., 10/2/2013, at 131. Petitioner argues that he would have had a different outcome at trial if counsel had introduced medical evidence to contest that the robbery caused her death. (Doc. Nos. 1, 5.)

Petitioner fails to demonstrate, however, that counsel's decision not to contest medical causation was objectively unreasonable. Trial counsel consulted with Dr. John Shane, an expert in medical causation, who opined that while a causation defense could be argued, the medical evidence regarding Ms. Smith's death "sufficed to prove the element of causation" such that a

---

[6] Regarding the other Fulton factors, Mr. Sylvestre existed, he was available, he was prepared to cooperate, and he would have testified on behalf of Petitioner at trial. PCRA Opinion at 9–10. This meets the first, second, and fourth prongs of Fulton. Nevertheless, Petitioner fails to demonstrate ineffective assistance of counsel for failing to call a witness because he cannot show that the third and fifth prongs are satisfied.

11

report on causation would have been "at best . . . unhelpful." See Commonwealth v. Suero, No. 2568 EDA 2017, 2018 WL 4001628, at *5 (Pa. Super. Aug. 22, 2018) (citing N.T. 5/8/17 at 19). Therefore, not contesting medical evidence on causation was not an "objectively unreasonable" decision, but rather a strategic one made by counsel to avoid presenting a weak defense. Strickland, 466 U.S. at 687–96.

As the Post-Conviction Relief Act ("PCRA") Court and the Magistrate Judge recognized, "trial counsel believed that 'because there was not a strong basis to challenge causation, the logical course was to test the Commonwealth's experts on cross-examination and otherwise focus the defense on Defendant's contention that he was not involved.'" (Doc. No. 32 at 13 (quoting PCRA Opinion at 7).) Because trial counsel's decision not to investigate causation was reasonable, the first prong of Strickland is not met and Petitioner's claim of ineffective assistance of counsel for failing to investigate causation is unavailing.

Additionally, Petitioner fails to establish prejudice under the second prong of Strickland because counsel did not provide "deficient performance" through which Plaintiff suffered prejudice. Strickland, 466 U.S. at 687–96. Establishing prejudice under Strickland requires a showing of a "substantial," not just "conceivable," likelihood of a different result. Strickland, 466 U.S. at 694; Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (citing Harrington v. Richter, 562 U.S. 86, 112 (2011)).

Here, Petitioner cannot establish a substantial likelihood of a different result. As the state court observed, Petitioner's co-defendant, facing the same charges, challenged causation through the expert testimony of Drs. Meshkov and Viner, yet still was convicted of second-degree murder. (Doc. No. 32 at 14 (citing PCRA Opinion at 3–4).) While it is not certain that a different jury would have found the same way, the guilty verdict reached in the co-defendant's case, despite a

challenge to causation, is instructive under Strickland's second prong. Additionally, Petitioner fails to present other evidence to show that his trial would have turned out differently. (Doc. No. 10.) The same analysis demonstrates Petitioner's failure to satisfy the fifth prong of the Fulton test for ineffective assistance for failure to call a witness: "that the absence of the testimony prejudiced appellant."[7] Petitioner's Objection for ineffective assistance of counsel for failure to call expert witnesses to refute causation will be overruled.

### C. Petitioner's Claim that Counsel was Ineffective in Failing to Pursue a Motion for a Mistrial is Meritless

Petitioner's third argument is that he was prejudiced by the prosecutor's comments during closing arguments, (see Doc. No. 39 at 10–12), and that his trial counsel's failure to pursue a mistrial based on these comments amounted to ineffective assistance of counsel. (Id.) Again, Petitioner must satisfy the two-prong test in Strickland to successfully claim ineffective assistance of counsel. 466 U.S. 668, 687–96 (1984). Petitioner alleges that the prosecutor, during closing arguments, made statements regarding her personal beliefs about the credibility of witnesses, improperly commented on Petitioner's demeanor, and misrepresented testimony. Commonwealth v. Suero, 1025 EDA 2014, 2015 WL 6168232, at *2 (Pa. Super. Feb. 23, 2015). Based on these statements, trial counsel moved for a mistrial. Id. After closing arguments, all parties agreed to curative jury instructions which the Court read aloud to the jury, instructing them to disregard the

---

[7] In addition, it is unclear whether the other four prongs of Fulton are met. In his Petition, Suero asserts generally that counsel should have called a medical expert to contest causation. While he points to the opinions of Drs. Meshkov and Viner, the medical experts that contested causation at Defendant's PCRA hearing (see N.T. 5/9/17 at 81–131), he does not point to a specific medical expert that existed and was available, known to his counsel, and prepared to cooperate and testify on his behalf at trial.

inappropriate comments. Id. Counsel withdrew the motion for mistrial only after trial counsel and the Prosecution agreed to the curative instructions. (Doc. No. 32 at 21.)

Based on these facts, Petitioner fails to demonstrate that trial counsel made an objectively unreasonable decision under the first prong of Strickland by withdrawing the motion for a mistrial. Trial counsel's decision to withdraw the motion was made only after ensuring the jury would receive curative instructions to remedy any prejudicial statements made by the prosecutor. Additionally, as noted by the Magistrate Judge in the R&R, Petitioner did not object to the sufficiency of the curative jury instruction. (Doc. No. 32 at 19.) Trial counsel handled the prosecutor's alleged misconduct reasonably, and Petitioner has thus failed to demonstrate objective unreasonableness under Strickland.

Petitioner also fails to demonstrate prejudice under Strickland's second prong. When considering an ineffective assistance of counsel claim, "absent challenge to the judgment on grounds of evidentiary inefficiency," a court should "presume . . . that the judge or jury acted according to law." Strickland, 466 U.S. at 695. Here, Petitioner's claim for ineffective assistance of counsel is based on prejudice allegedly caused by the prosecutor's statements and is therefore not a challenge to evidentiary inefficiency. Thus, under Strickland, the Court must presume that the jury adhered to the curative jury instructions and disregarded the Prosecutor's statements. Therefore, under applicable law, Petitioner was not prejudiced by the prosecutor's statements and the Objection to counsel's withdrawal of the motion for mistrial will be overruled.

### D. Petitioner's Claim that Counsel's Cumulative Errors Seriously Prejudiced Petitioner is Meritless

Fourth, Petitioner argues that trial counsel's cumulative errors resulted in serious prejudice to Petitioner. (Doc. No. 39 at 8.) The cumulative error doctrine "allows a petitioner to present a standalone claim asserting the cumulative effect of errors at trial that so undermined the verdict as

to constitute a denial of his constitutional right to due process." Collins v. Sec'y of Pennsylvania Dep't of Corr., 742 F.3d. 528, 542 (3d Cir. 2014) (citing Albrecht v. Horn, 485 F.3d 103, 139 (3d Cir. 2007)). The Third Circuit recognizes that "errors that individually do not warrant habeas relief may do so when combined." Albrecht, 485 F.3d at 139 (citing Marshall v. Hendricks, 307 F.3d 36, 94 (3d Cir. 2002)). Cumulative errors warrant habeas relief "if they had a substantial and injurious effect or influence in determining the [outcome of the trial]." Albrecht, 485 F.3d at 129 (citing Brech v. Abrahamson, 507 U.S. 619 (1993)).

When performing a cumulative error analysis, a court "aggregates all the errors that individually have been found to be harmless, and therefore not reversible, and it analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." Albrecht, 485 F.3d at 129 (quoting Darks v. Mullin, 327 F.3d 1001, 1018 (10th Cir. 2003)). However, "[t]he cumulative error doctrine requires the existence of 'errors' to aggregate. Absent such errors by counsel, the cumulative error doctrine does not apply." Stokes v. Giroux, No. 15-0412, 2015 WL 9915957, at *26 (E.D. Pa. Aug. 11, 2015).

Here, Petitioner has failed to establish any existing errors that, when combined, would result in a cumulative prejudicial impact. The Court here has rejected each of Petitioner's Objections, and this Objection also will be overruled.

### E. The Court Need Not Address Claims Petitioner Failed to Raise Before the Magistrate Judge

Petitioner's final two Objections concern matters that were not sufficiently raised in his habeas Petition to put the Magistrate Judge on notice that Petitioner was asserting them under a claim of ineffective assistance of counsel. (See Doc. No. 10.) Petitioner's fifth Objection to the R&R is that Judge Perkin failed to address the fact that counsel did not emphasize the discrepancy between Petitioner's skin tone and the skin tone described in the victim's statement during trial.

(Doc. No. 39 at 5.)  Petitioner's sixth Objection is that counsel's decision to protect Petitioner's cell phone records, rather than filing late notice of an alibi, was not a strategic decision because the cell phone did not belong to him.  (Id. at 6.)  Eastern District of Pennsylvania's Local Civil Rules require Petitioner to raise each argument with the magistrate judge.  As is explained in Grant v. Tice:

> Petitioner's obligation to present all evidence to the magistrate judge is made abundantly clear by Local Civil Rule 72.1(IV)(c).  That Rule provides that "[a]ll issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge."

See Grant v. Tice, No. 17-3471, 2019 WL 2016260, at *3 (E.D. Pa. Apr. 6, 2019) (quoting Figueroa v. Wenerowicz, No. 14-7330, 2016 WL 1298963, at *2 (E.D. Pa. Apr. 4, 2016) (DuBois, J.)).

Here, Petitioner did not sufficiently argue in his Petition (Doc. No. 10) ineffective assistance of counsel based on a failure by his attorney to raise at trial a discrepancy between Petitioner's skin tone and the skin tone described in the victim's statement.  The only mention of such a discrepancy is in a section of the Petition titled "The Background of the Case," where Petitioner states the following:

> Rogel Suero is a Black male.  In an interview with the detective after the incident, Ms. Smith indicated that the person who was holding her, was alleged to be, Rogel Suero, and that this said person had—a white arm.

(Id. at 23.)  Despite this statement in the "Background" section of the Petition, Petitioner never asserted elsewhere that his counsel erred in failing to raise anything at trial regarding this alleged discrepancy.  Thus, the "Background" allegations are insufficient to alert the Magistrate Judge that he had another issue to consider because:

> [M]ore is required of a habeas petitioner than to "scatter some makeshift needles in the haystack of the . . . record."  Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1998).  Rules 2(c)(1) and (2) of the Rules Governing Section 2254 cases require

> that a petition "specify" all grounds for habeas relief and state the facts supporting each ground. If a petitioner fails to adequately specify his claims, . . . they are subject to dismissal without an evidentiary hearing. See Zettlemoyer v. Fulcomer, 923 F.2d 284, 301 (3d Cir. 1991).

Fowler v. Mooney, No. 14-1768, 2015 WL 6955434, at *2 (E.D. Pa. Nov. 9, 2015).

In other words, to raise an argument before the magistrate judge, a petitioner must articulate the claim being made and the facts supporting that claim. Here, a cursory reference to facts in a "Background" section, without more, is not enough to put the Magistrate Judge on notice that a claim is being raised. Thus, the Court will not consider the skin stone argument because it was not sufficiently raised in his Petition (Doc. No. 10) and brought to the attention of the Magistrate Judge.

Finally, as noted above, Petitioner alleged ineffective assistance of counsel based on trial counsel's failure to call an alibi witness—a decision trial counsel made to protect Petitioner against the introduction at trial of cell phone records that would have been damaging to his case. In the final Objections, Petitioner separately argues that counsel's reason for protecting the cell phone records was not strategic because the phone records did not belong or correspond to Petitioner's cell phone, and therefore could not be used by the prosecution at trial. (Id.) It appears that Petitioner is claiming that the phone records were therefore irrelevant. However, Petitioner did not make this claim in his habeas Petition and therefore it is waived. (See Doc. No. 10.)

Since neither claim was sufficiently raised before Judge Perkin in the § 2254 Petition to put him on notice that Petitioner was asserting them under the rubric of ineffective assistance of counsel, when both claims "could have been presented to the magistrate court" since they both occurred during Petitioner's trial, they will not be addressed now. See Grant v. Tice, No. 17-3471, 2019 WL 2016260, at *3 (E.D. Pa. Apr. 6, 2019) (quoting Figueroa v. Wenerowicz, No. 14-7330, 2016 WL 1298963, at *2 (E.D. Pa. Apr. 4, 2016) (DuBois, J.)). Additionally, the interest of justice

17

does not require consideration of these Objections because Petitioner offers no explanation as to why the claims were not raised in his habeas Petition. (See Doc. No. 39.) Therefore, these final two Objections will be overruled.

## V.       CONCLUSION

For the foregoing reasons, the Court will overrule Petitioner's Objections to the Magistrate Judge's Report and Recommendation (Doc. No. 10), will accept and adopt Magistrate Judge Perkin's Report and Recommendation (Doc. No. 39) and will deny the Petition for Writ of Habeas Corpus. (Doc. No. 10.) In accordance with the Report and Recommendation, a certificate of appealability will not issue in this case. An appropriate order follows.